UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-24012-GAYLES/TORRES

NEIL LURIA, AS RECEIVER FOR
SOLAR ECLIPSE INVESTMENT FUND
III, LLC, et al.,

        Plaintiff,

v.

T-MOBLIE USA, INC., and
INTERNATIONAL SPEEDWAY
CORPORATION,

        Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Remand. [ECF No. 251]. The action was referred to Magistrate Judge Edwin G. Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 25]. On January 13, 2021, Judge Torres issued his report recommending that the Motion to Remand should be denied as to Defendant T-Mobile USA, Inc. ("T-Mobile") and granted as to Defendant International Speedway Corporation ("ISC") (the "Report"). [ECF No. 266]. ISC and Plaintiff have both filed timely objections to the Report. [ECF Nos. 37, 38]. For the reasons that follow, the Court adopts the Report in full.

# BACKGROUND[1]

Plaintiff is the Receiver for several funds (the "Funds") that were the victims of a Ponzi scheme orchestrated by Jeff and Paulette Carpoff and their company, DC Solar Distribution Inc., and its related entities ("DC Solar"). Plaintiff filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court") against T-Mobile and ISC (collectively "Defendants") alleging that Defendants enabled and participated in the Ponzi scheme. T-Mobile removed the action to federal court on the basis of diversity jurisdiction. Plaintiff has moved to remand arguing that the parties are not completely diverse because Plaintiff and ISC are both citizens of Florida.[2] In response, Defendants argue that (1) complete diversity exists because Plaintiff is a citizen of Illinois; (2) Plaintiff has no possible cause of action against ISC and only joined ISC to destroy diversity (fraudulent joinder); and (3) there is no connection between the facts underlying the claims against ISC and the facts underlying the claims against T-Mobile, therefore Plaintiff improperly joined ISC (procedural misjoinder).

In his Report, Judge Torres found that Plaintiff is a citizen of Florida and that, therefore, the parties are not completely diverse. In addition, Judge Torres found that there was no fraudulent joinder because Plaintiff has a possible cause of action against ISC. However, Judge Torres did find procedural misjoinder of ISC because there is no connection between T-Mobile's and ISC's alleged participation in the Ponzi scheme. Based on these findings, Judge Torres recommended that the Court sever the claims against ISC, deny the Motion to Remand as to T-Mobile, and grant the Motion to Remand as to ISC.

In its objections, ISC argues that (1) the Report failed to address ISC's argument that "related to" bankruptcy jurisdiction provides an independent basis for this Court's jurisdiction over

---

[1] The Court incorporates the Report's recitation of the factual and procedural background.
[2] T-Mobile is a citizen of Delaware and Washington.

Plaintiff's claim and (2) Plaintiff has not stated a viable claim against ISC and, therefore, the Report erred in finding no fraudulent joinder. [ECF No. 37]. Plaintiff only objects to the Report's finding of procedural misjoinder. [ECF No. 38].

## **DISCUSSION**

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

**I. This Court Does Not Have "Related To" Bankruptcy Jurisdiction Over Plaintiff's Claims.**

ISC's argument that this Court can exercise jurisdiction over all of Plaintiff's claims under "related to" bankruptcy jurisdiction is without merit. The scope of "related to" bankruptcy jurisdiction is not "limitless." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). Indeed, "to accept jurisdiction on the basis that the controversy is related, it must appear on the face of the complaint that it has an effect on the estate of the Debtor[.]" *In re Southampton Dev. Corp.*, 191 B.R. 471, 473 (Bankr. M.D. Fla. 1995). Here, any potential effect this action might have on DC Solar's bankruptcy estate is not evident on the face of the Complaint. Indeed, while DC Solar is repeatedly referenced, there is nothing in the Complaint which would indicate that Plaintiff's recovery would be from DC Solar's Estate. *See In re Schwartzwalder*, 242 B.R. 734, 739 (Bankr. M.D. Fla. 1999) ("Proceedings to resolve disputes between two nondebtors regarding property

which is not property of the estate generally are not 'related to' a bankruptcy case within the meaning of § 1334 of title 28."). Accordingly, ISC's objection is overruled.

## II. Plaintiff Has a Possibility of Stating a Claim on All Counts.

The Court also finds that the Report correctly found that Plaintiff presents colorable claims against ISC. "Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). ISC argues that the declarations it submitted in opposition to the motion for remand refute the allegations in Plaintiff's complaint. Not so. Although ISC is correct that the Court may consider declarations in resolving a claim of fraudulent joinder, its declarations do not negate the possibility that Plaintiff can state a colorable claim. Indeed, "there need only be 'a reasonable basis for predicting that the state law *might* impose liability on the facts involved.'" *Crowe v. Coleman*, 113 F.3d 1536, 1541-42 (11th Cir. 1997) (quoiting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981)). Accordingly, ISC's objection is overruled.

## III. ISC was Procedurally Misjoined.

The Court also agrees with the Report's well-reasoned finding that Plaintiff procedurally misjoined ISC. While ISC and T-Mobile both purportedly participated in the Ponzi scheme, their interactions with DC Solar were during two distinct time periods and involved completely different agreements. Moreover, there are no allegations that ISC and T-Mobile ever interacted with each other. Accordingly, the Court finds that Plaintiff's joinder of ISC and T-Mobile is "egregious" enough to constitute procedural misjoinder. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (*abrogated on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)) ("We do not hold that mere misjoinder is fraudulent joinder, but we do agree . . . that

Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder."). Therefore, Plaintiff's objection is overruled.

## **CONCLUSION**

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)  Judge Torres's Report and Recommendation, [ECF No. 36], is **ADOPTED in FULL**;

(2)  Plaintiff's Motion for Remand [ECF No. 9] is DENIED as to T-Mobile and GRANTED as to ISC. All claims against ISC are SEVERED and REMANED to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of June, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE