UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-24012-GAYLES/TORRES

NEIL LURIA, AS RECEIVER FOR
SOLAR ECLIPSE INVESTMENT FUND
III, LLC, et al.,

        Plaintiff,

v.

T-MOBLIE USA, INC., and
INTERNATIONAL SPEEDWAY
CORPORATION,

        Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant T-Mobile USA, Inc.'s Motion to Dismiss Consolidated Amended Complaint. [ECF No. 68]. The action was referred to Chief Magistrate Judge Edwin G. Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 25]. On September 6, 2022, Judge Torres issued his report recommending that the Motion to Dismiss be granted, and the Consolidated Amended Complaint ("CAC") be dismissed with prejudice (the "Report"). [ECF No. 79]. Plaintiff Neil Luria, as Receiver, and the Plaintiff Funds (collectively the "Plaintiffs") have filed timely objections to the Report. [ECF No. 81]. For the reasons that follow, the Court adopts the Report in part and dismisses the CAC without prejudice.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which

objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his Report, Judge Torres found that Plaintiffs failed to adequately allege each of their claims with the specificity required by Federal Rule of Civil Procedure 9. [ECF No. 79]. Plaintiffs object and argue that the Report (1) improperly relies on Alan Hansen's plea agreement in *United States v. Hansen*, No. 20-cr-00016 [ECF 3 No. 16] (E.D. Cal. July 28, 2020) (the "Plea Agreement"); (2) weighs evidence outside of the CAC; (3) makes findings of fact that contradict the allegations of the CAC; and (4) improperly recommends dismissal with prejudice rather than allowing amendment. [ECF No. 81]. The Court has conducted a *de novo* review of the Motion and the record and agrees with the bulk of Judge Torres's well-reasoned analysis and recommendations as set forth below.

**I.    Shotgun Pleading**

Although not discussed in the Report, the Amended Complaint is a shotgun pleading. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with

conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1321–22; (3) fails to "separate[e] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* at 1323. Shotgun pleadings "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests . . . [and] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (internal quotations and citations omitted).

Here, the CAC improperly incorporates all of the factual allegations from all preceding counts into each successive count. [ECF No. 57]. At the beginning of each count, "Plaintiffs reallege and incorporate each and every paragraph stated above and below inclusive, as though the same were fully set forth hereafter." *Id.* ¶¶ 72, 81, 94, 105, 111. As a result of this pleading deficiency, the Court is unable to ascertain which facts support which claims and whether Plaintiffs have stated any claims upon which relief can be granted. For this reason alone, the CAC must be dismissed.

**II.    The Plea Agreement**

In detailing the factual background of this action and finding that Plaintiffs had not adequately alleged their claims, the Report took judicial notice of the Plea Agreement—a document not attached to or referenced in the CAC. The Court "may take judicial notice of public records, such as a pleading filed in another court, because such documents are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *NLG, LLC v. Selective Advisors Group, LLC*, No. 18-21398, 2021 WL 4990807 at *1 (S.D. Fla.

May 13, 2021) (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). As a result, the Court may take judicial notice of the fact that the Plea Agreement exists. "However, the Court does not take judicial notice of the veracity of the contents of [the Plea Agreement]. . . . [because] [t]aking judicial notice of the veracity of the contents 'would bypass[] the safeguards which are involved with the usual process of proving facts by competent evidence in district court.'" *Id.* (quoting *In re Takata Airbag Products Liab. Litig.*, 396 F. Supp. 3d 1101, 1128 (S.D. Fla. 2019)). This is particularly important at this stage of the litigation, where the Court must accept Plaintiffs' allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997). Accordingly, the Court does not adopt those portions of the Report which rely on the substance of the Plea Agreement to determine whether the CAC states a claim.

### III. The CAC Fails to Satisfy Pleading Requirements

The Court agrees with and adopts the Report's finding that the CAC fails to adequately allege any of its claims with the requisite specificity. The CAC is replete with conclusory allegations and short on detail. It fails to allege with any specificity that T-Mobile had actual knowledge of Hansen's activity with DC Solar—a fatal flaw for each claim. Moreover, as fully detailed in the Report, the CAC lacks specificity as to nearly all of the elements of each claim. Accordingly, the Court adopts the Report's recommendation that the CAC be dismissed for failure to state a claim under Federal Rule of Civil Procedure 9.

### IV. Plaintiffs Shall Have One More Attempt to Plead Their Claims

The Court finds that Plaintiffs should have one additional attempt to plead their claims. While the Complaint in *Solar Eclipse Fund VII, LLC, et al, v. T-Mobile*, Case No. 20-25257, was previously dismissed for pleading deficiencies, the CAC is the first complaint filed in the consolidated action. Moreover, without the Plea Agreement, the Court does not find that any

amendments would necessarily be futile. Accordingly, the Court does not adopt that portion of the Report which recommends dismissal with prejudice.

## CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)   Chief Magistrate Judge Torres's Report and Recommendation, [ECF No. 79], is **ADOPTED in PART**;

(2)   Defendant T-Mobile USA, Inc.'s Motion to Dismiss Consolidated Amended Complaint, [ECF No. 68], is **GRANTED**, and the Consolidated Amended Complaint is **DISMISSED without prejudice**.

(3)   Plaintiffs shall file a second amended complaint within fifteen (15) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of September, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE