UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-24012-GAYLES/TORRES

NEIL LURIA, AS RECEIVER FOR
SOLAR ECLIPSE INVESTMENT FUND
III, LLC, et al.,

      Plaintiff,

v.

T-MOBLIE USA, INC., and
INTERNATIONAL SPEEDWAY
CORPORATION,

      Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant T-Mobile USA, Inc.'s Motion to Dismiss the Second Amended Complaint. [ECF No. 89]. The action was referred to Chief Magistrate Judge Edwin G. Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 25]. On June 27, 2023, Judge Torres issued his report recommending that the Motion to Dismiss be denied (the "Report"). [ECF No. 94]. Defendant T-Mobile USA, Inc. ("Defendant") has timely objected to the Report, [ECF No. 104], and Plaintiffs have responded to the objections. [ECF No. 105]. For the reasons that follow, the Court adopts the Report in full and denies the Motion.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings

that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his Report, Judge Torres found that Plaintiffs adequately alleged their claim for aiding and abetting conversion. With respect to the knowledge element of the claim, Judge Torres determined that Plaintiffs sufficiently alleged that Alan Hansen's knowledge could be legally imputed to Defendant based on (1) Plaintiffs' allegations regarding an agency relationship between Defendant and Hansen and (2) Plaintiffs' allegations supporting a theory of respondeat superior.[1] The Court has conducted a *de novo* review of the Motion and the record and agrees with Judge Torres's well-reasoned analysis and recommendations. While Plaintiffs will have an uphill battle proving the elements of their aiding and abetting claim—in particular, that Hansen's knowledge of the underlying conversion can be imputed to Defendant—at this stage of the litigation, the Court finds that Plaintiffs have adequately alleged their claim.[2]

## CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)  Chief Magistrate Judge Torres's Report and Recommendation, [ECF No. 94], is **ADOPTED in FULL**; and

---

[1] The Report finds, and the Court agrees, that Plaintiffs failed to adequately allege that Defendant had actual knowledge of the underlying conversion.

[2] The Court cannot consider Hansen's plea agreement or the 2012 vendor agreement for the motion to dismiss because they are not attached to, or referenced in, the Second Amended Complaint. However, these documents appear to negate Plaintiffs' argument that Hansen's actions benefited Defendant. If true, Hansen's knowledge of the conversion cannot be imputed to Defendant. *See Brandt v. Lazard Freres & Co, LLC*, No. 96-2653, 1997 WL 469325, at *4 (S.D. Fla. Aug. 1, 1997) ("To invoke the adverse interest exception, however, the [plaintiff] must show that the [agent's] acts did not benefit [the principal].").

2

(2) Defendant T-Mobile USA, Inc.'s Motion to Dismiss the Second Amended Complaint, [ECF No. 89], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of August, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE